(129 So. 295)

GRAHAM v. STATE.

8 Div. 83.

Court of Appeals of Alabama.

June 17, 1930.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was charged by indictment with the offense of manslaughter in the first degree, in that he unlawfully and intentionally, but without malice, killed Herschel Delk by striking him, or running over him with an automobile, etc.

Appellant made motion for a new trial, which was overruled, and exception was properly reserved.

554

After a careful consideration of the entire record, we have reached the conclusion that the fifth ground of said motion was well taken and should have been sustained. It affirmatively appears by the undisputed evidence that the first knowledge this appellant had that he had been indicted charged with a felony was when he was carried from the county jail, together with other prisoners, and was arraigned upon the indictment and immediately put to trial and convicted as charged; his punishment being fixed at five years' imprisonment in the penitentiary. Before entering upon the trial, as shown by said fifth ground of the motion, the appellant called the court's attention to the fact that the indictment just returned into court and just read to him was the first intimation or knowledge he had of the charge against him; that he was unattended by counsel and without witnesses who could testify in his behalf if brought into court, and begged the court to give him a little time to employ counsel, and prepare his case by summoning his witnesses, etc., but the court declined the request, and alone, without counsel or witnesses, or other assistance, he was immediately put to trial which resulted, as stated, in his conviction carrying a sentence of imprisonment of five years. It is plainly deducible from the record that the defendant was helpless so far as his legal rights were concerned and could not insist upon any such rights which may have appeared pending the trial. There were, of course, no objections interposed nor exceptions reserved to any of the court's rulings pending the main trial, nor were any of the adverse witnesses, who testified against him, cross-examined or otherwise interrogated. The record shows at the conclusion of the state's case, "The defendant was instructed by the court to take the stand and tell the jury just how the accident happened." After so doing he was vigorously cross-examined by the acting solicitors for the state.

The exception to the court's ruling in denying the motion for a new trial is properly presented, and is here sustained. We are of the opinion there clearly appears an abuse of the court's discretion in forcing the defendant to trial, without counsel, witnesses, or other assistance, on such short notice, and that such action resulted in depriving the accused of the fair and impartial trial to which under the law he was entitled. Upon another trial of this case the state and the defendant will be accorded a fair and impartial trial and such issues as may arise pending the trial can be properly adjudicated.

The order of the trial court overruling the motion for a new trial is reversed, and the cause remanded for another trial of this case.

Reversed and remanded.